UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KING COUNTY,<br><br>                    Plaintiff,<br><br>    v.<br><br>BP P.L.C., a public limited company of England and Wales, CHEVRON CORPORATION, a Delaware corporation, CONOCOPHILLIPS, a Delaware corporation, EXXON MOBIL CORPORATION, a New Jersey corporation, ROYAL DUTCH SHELL PLC, a public limited company of England and Wales, and DOES 1 through 10,<br><br>                    Defendants. | Case No. C18-758RSL<br><br>PARTIALLY UNOPPOSED MOTION TO STAY PROCEEDINGS BY PLAINTIFF KING COUNTY<br><br>NOTE ON MOTION CALENDAR:<br>Sept. 21, 2018 |

MOTION TO STAY PROCEEDINGS
Case No. C18-758RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

Plaintiff King County hereby moves to stay proceedings in this case until the Ninth Circuit decides an appeal in two similar cases brought by the City of Oakland and the City and County of San Francisco.  Three of the five defendants—ConocoPhillips, Exxon Mobil Corporation, and Royal Dutch Shell plc—have authorized the County to inform the Court that they support a stay in this action, and that, while they do not agree with every statement made in this motion, they do not oppose the relief requested by this motion.[1]  The proposed stay would suspend the County's obligation to respond by October 11, 2018, to the defendants' six pending motions to dismiss.

## I.   BACKGROUND

**A.   This lawsuit**

This is an action by King County for harms to King County as a result of a changing climate: warming temperatures, acidifying marine waters, rising seas, increasing flood risk, decreasing mountain snowpack, and less water in the summer.  As one example, according to the amended complaint, Puget Sound could rise by as much 8.6 feet by 2100, with catastrophic results.  Dkt. No. 113, ¶ 138.  The amended complaint further alleges that these injuries are caused primarily by global warming, which in turn has been caused by defendants' massive, companywide production and promotion of fossil fuels.  *Id.* ¶¶ 2-6.  According to the amended complaint, the defendants are the five largest investor-owned fossil fuel companies in world history, as measured by historic production.  *Id.* ¶ 143(b).  The County pleads public nuisance and trespass, both under Washington state law, and seeks to require defendants to make payments into an abatement fund and/or to pay compensatory damages.  *Id.* ¶¶ 204-226 & Relief Request ¶¶ B, C.  On August 31, 2018, defendants filed six motions to dismiss the amended complaint.  All defendants moved to dismiss for failure to state a claim and each of the five

---

[1] On Thursday, August 23, defendants collectively raised the issue of a stay by way of a call from counsel for Chevron and asked whether the County would agree to a stay.  The County assented to seeking a stay shortly thereafter, on Tuesday, August 28.  On August 31, the defendants filed their motions to dismiss the amended complaint, and simultaneously informed the County that they were "still considering" whether to seek a stay.  A few days later, two of the defendants (BP p.l.c. and Chevron Corporation) nonetheless indicated that in fact they do not agree to a stay, which led to the County filing this motion.

MOTION TO STAY PROCEEDINGS - 1
Case No. C18-758RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

defendants moved to dismiss for lack of personal jurisdiction. *See* Dkt. Nos. 115-120. In their 12(b)(6) motion, defendants argue primarily that the County's claims arise under federal common law rather than Washington law, because of the purportedly interstate and international nature of the conduct at issue. Dkt. No. 120 at 8-11. Defendants go on to argue that the County cannot state a claim under federal common law, primarily because (1) such federal common law claims have been displaced by the Clean Air Act and other federal statutes, *id.* at 11-15; (2) federal common law does not reach defendants' foreign conduct under the principles described in *Jesner v. Arab Bank*, 138 S. Ct. 1386 (2018), Dkt. No. 120 at 16-20; and (3) the relief requested would violate various constitutional doctrines, including separation of powers, due process, and the First Amendment, Dkt. No. 120 at 20-29. In the alternative, defendants argue that the County has failed to state a claim under Washington law. *Id.* at 30-38.

In their personal jurisdiction motions, defendants argue primarily that their in-state conduct is not a but-for cause of the County's injuries, and that the Court therefore lacks specific jurisdiction. *See* Dkt. Nos. 115 (Conoco), 116 (Shell), 117 (Chevron), 118 (Exxon), 119 (BP).

The County's oppositions to the six motions to dismiss are due October 11, 2018, and defendants' reply briefs are due November 1. *See* Dkt. No. 121 (scheduling order).

**B.     Other global warming lawsuits**

The County's lawsuit is one of more than a dozen global warming lawsuits filed by municipalities and by the state of Rhode Island. These lawsuits include (a) two lawsuits by Oakland and San Francisco ("Oakland/SF Actions"), which Judge Alsup of the Northern District of California recently dismissed for failure to state a claim and lack of personal jurisdiction, and (b) six lawsuits by California municipalities ("the San Mateo Actions"), all of which were removed to federal court and then remanded to state court by another judge of the Northern District of California. Appeals of both decisions are now pending in the Ninth Circuit. Although the County seeks a stay in this action until the appeal is resolved in the Oakland/SF Actions only, the County provides information on the San Mateo Actions as well, to ensure that the Court is informed about all global warming appeals pending in the Ninth Circuit.



***The Oakland/SF Actions.***  In September 2017, the City of Oakland and the City and County of San Francisco filed the Oakland/SF Actions.  These two lawsuits were similar to one another and to this action, and the plaintiffs in all three lawsuits are represented by the same outside law firm.  Both the Oakland and San Francisco lawsuits alleged a single public nuisance claim under California law against the same five defendants, based solely on sea level rise.  The defendants removed the cases to the Northern District of California, where they were marked as related and assigned to Judge Alsup.  The court agreed with defendants that the claims arose under federal law, and on this basis he denied the municipalities' motions to remand the cases to state court.  *People v. BP p.l.c.*, No. C 17-06011 WHA, 2018 WL 1064293, at *5 (N.D. Cal. Feb. 27, 2018).  The municipalities then amended their complaints to plead public nuisance claims under both federal common law and state law, to conform their complaints to the remand decision.[2]  All defendants moved to dismiss the amended complaints for failure to state a claim, and four of the defendants (except Chevron, which is based in California) moved to dismiss for lack of personal jurisdiction.  The arguments advanced in support of both motions were essentially identical to the arguments presented in defendants' motions in this Court.  On personal jurisdiction, the defendants argued for a lack of but-for causation; on the merits, they argued that federal rather than state common law applied, that this federal law was displaced by statute and subject to constitutional defenses, and that federal common law does not reach their conduct because of *Jesner*.[3]  Defendants also included arguments in the alternative under California law.

Judge Alsup granted the defendants' motions.  Relying on statements in *Jesner* about federal common law and its application to foreign conduct, Judge Alsup found that federal common law does not authorize a public nuisance claim against defendants.  *City of Oakland v.*

---

[2] *See* First Am. Compl. for Pub. Nuisance, *People v. BP p.l.c.*, No. 3:17-06011-WHA (N.D. Cal. Apr. 3, 2018), Dkt. No. 199. For convenience the district court docket entries are provided for the Oakland action only; all relevant papers were filed simultaneously in both cases and have identical content. The San Francisco action is No. 3:17-06012-WHA (N.D. Cal.).

[3] *See* Mot. to Dismiss First Am. Compl. for Lack of Personal Jurisdiction, *People v. BP p.l.c.*, No. 3:17-06011-WHA (N.D. Cal. Apr. 19, 2018), Dkt. No. 220.

MOTION TO STAY PROCEEDINGS - 3
Case No. C18-758RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

*BP P.L.C.*, No. C 17-06011 WHA, 2018 WL 3109726, at *6-*9 (N.D. Cal. June 25, 2018). Based on his prior ruling that public nuisance claims for global warming injuries "must stand or fall under federal common law," Judge Alsup also dismissed the municipalities' state-law claims. *Id.* at *8-9. On personal jurisdiction, Judge Alsup held that specific jurisdiction could be asserted only by showing that defendants' conduct within California (or within the United States, in the case of foreign defendants like BP and Shell) was a but-for cause of the municipalities' injuries. Judge Alsup agreed with defendants that this showing had not been made—*i.e.*, that the municipalities had not shown that "sea level rise would not occur absent defendants' California contacts." *City of Oakland v. BP p.l.c.*, No. C 17-06011 WHA, 2018 WL 3609055, at *3 (N.D. Cal. July 27, 2018). Judge Alsup entered final judgment in favor of defendants, dismissing all claims with prejudice.[4]

Oakland and San Francisco filed timely notices of appeal of the final judgments dismissing their claims. The two cases have been consolidated in the Ninth Circuit as appeal No. 18-16663. Under the briefing schedule set out by the Ninth Circuit, the municipalities' opening brief is due on December 10, 2018, and all briefing is due to be completed on January 31, 2019.

***The San Mateo Actions.*** Beginning in July 2017, San Mateo County and five other California municipalities filed the six San Mateo Actions. *See, e.g.*, *Cty. of San Mateo v. Chevron Corp.*, No. 3:17-cv-04929-VC (N.D. Cal.). Each of the San Mateo actions was filed against more than two dozen fossil fuel producers (compared to five in this action and in the Oakland/SF Actions), and pleaded more than a half-dozen causes of action under California law (compared to two in this action and in the Oakland/SF Actions), including public nuisance. Defendants removed the San Mateo Actions to the Northern District of California, and the cases were assigned to Judge Chhabria. Disagreeing with Judge Alsup's jurisdictional analysis, Judge Chhabria remanded the San Mateo Actions back to state court. He found that the public nuisance claim did not sound in federal common law, because the Clean Air Act displaced

---

[4] *See* Judgment, *People v. BP p.l.c.*, No. 3:17-06011-WHA (N.D. Cal. July 27, 2018), Dkt. No. 288.

MOTION TO STAY PROCEEDINGS - 4
Case No. C18-758RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1    federal common law, thereby making it impossible for this displaced federal common law to
2    preempt any state law. *Cty. of San Mateo v. Chevron Corp.*, 294 F. Supp. 3d 934, 937 (N.D. Cal.
3    2018). Judge Chhabria also rejected the defendants' assertion of federal officer jurisdiction,
4    which gave the defendants an automatic right to appeal the remand decision on that ground.

The appeals in the San Mateo Actions have been consolidated. *See* Order, *Cty. of San Mateo v. Chevron Corp.*, No. 18-15499 (9th Cir. Aug. 20, 2018), Dkt. No. 58. The defendants' opening brief is due October 22, 2018, and all briefing is due to be completed by December 12, 2018.

## II.    ARGUMENT

A district court has "broad discretion" to stay proceedings as an incident to its power to control its own docket. *See Clinton v. Jones*, 520 U.S. 681, 703 (1997) (citation omitted). In particular, a stay may be appropriate "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). A court considering whether a stay is appropriate must weigh the competing interests that will be affected by the requested stay, including: (1) the possible damage which may result from granting the stay; (2) the hardship or inequity which a party may suffer if the suit is allowed to go forward; and (3) the "orderly course of justice," measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). All of these factors point toward staying this action.

*First*, "the orderly course of justice" (the third factor) strongly favors a stay. "District courts often stay proceedings where resolution of an appeal in another matter is likely to provide guidance to the court in deciding issues before it." *Ali v. Trump*, No. C17-0135JLR, 2017 WL 2222873, at *2 (W.D. Wash. May 22, 2017) (staying litigation over travel ban because of pending Ninth Circuit appeal).[5] Here, one or more of the parties is likely to ask the Ninth Circuit

---

[5] *Accord RSUI Indem. Co. v. Vision One, LLC*, No. C08-1386RSL, 2010 WL 596193, at *1 (W.D. Wash. Feb. 12, 2010) (staying proceedings pending appeal that might have required the Court to vacate any judgment it issued in the meantime); *cf. Amadeck v. Capital One Fin. Corp.*,

MOTION TO STAY PROCEEDINGS - 5
Case No. C18-758RSL



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

to address virtually all of the same issues raised by the motions to dismiss pending in this Court. These include:

- Whether federal common law applies to effectively preempt state-law public nuisance claims against fossil fuel producers sued for global warming injuries.

- If federal common law applies, whether the cause of action has been displaced by the Clean Air Act or by some other federal statute.

- If federal common law applies, whether it should be construed post-*Jesner* to provide a public nuisance cause of action against the defendants.

- Regardless of which law applies, whether a public nuisance claim would violate the Due Process, Takings, or Commerce Clauses.

- Whether defendants' many activities related to producing, refining, marketing, supplying, selling and/or advertising fossil fuels in a particular forum (California or Washington) are sufficient to establish specific personal jurisdiction over those defendants in that forum.

Many of these are issues where this Court would be likely to benefit from the Ninth Circuit's "guidance."  For example, Judge Alsup and Judge Chhabria have already disagreed on whether state-law public nuisance claims should be preempted by federal common law—in particular by a species of federal common law that *itself* has purportedly been displaced by the Clean Air Act, and/or that purportedly does not reach the conduct described in the complaint. And Judge Alsup's application of *Jesner* may be open to question as well.  As of this writing,

---

No. C12-0244RSL, 2012 WL 5472173, at *1 (W.D. Wash. Nov. 9, 2012) (staying proceeding pending decision by JPML on whether to consolidate cases).   Other district courts within the Ninth Circuit also regularly stay proceedings pending an appeal that promises to simplify the issues before the court.  *See, e.g.*, *Ochoa v. Campbell*, No. 1:17-CV-03124-SMJ, 2017 WL 5639938, at *2 (E.D. Wash. Aug. 25, 2017) (staying case pending resolution of appeal of temporary restraining order); *Finder v. Leprino Foods Co.*, No. 1:13-CV-02059-AWI-BAM, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) (similar; "the resolution of the issues now pending before the Ninth Circuit will dramatically simplify the questions of law"); *Karoun Dairies, Inc. v. Karlacti, Inc.*, No. 08CV1521 AJB (WVG), 2013 WL 4716202, at *2 (S.D. Cal. Sept. 3, 2013) (staying case pending resolution of related appeal; stay is appropriate "when the resolution of another matter will have a direct impact on the issues before the court, substantially simplifying issues presented"); *CollegeSource, Inc. v. AcademyOne, Inc.*, No. 08CV1987-GPC(MDD), 2013 WL 1625403, at *3 (S.D. Cal. Apr. 15, 2013) (staying case at plaintiff's request pending appeal in a related case).



Westlaw shows that *Jesner* has been cited in only 15 other decisions, only one of which was by the Ninth Circuit – and there the panel divided on how to apply *Jesner* to a shooting across the Mexican border. *Rodriguez v. Swartz*, 899 F.3d 719, 747 n.182 (9th Cir. 2018) (*Jesner* did not require dismissal of complaint); *id.* at 753-54 (Smith, J., dissenting) (accusing majority of misapplying *Jesner*). And while there are decisions applying the but-for test for personal jurisdiction where the plaintiff's injuries have been caused by the totality of a defendant's conduct both inside and outside the forum state, none of those cases involve global warming. In short, a stay is warranted because "the resolution of the issues now pending before the Ninth Circuit will dramatically simplify the questions of law" presented to this Court. *Finder*, 2017 WL 1355104, at *4.

*Second*, a stay is not likely to damage anyone (the first factor), or cause any hardship (the second factor). Ordinarily these factors weigh the harm from forcing the *plaintiff* to wait to see whether its injury will be compensated, but here it is only certain *defendants* who apparently object to a stay. There is no preliminary injunction in place or any other threat to defendants from the status quo; on the contrary, it is the County that has the most to lose by letting things continue as they are. And litigating defendants' motions now does not advance the day when these suits are, one way or another, finally put to bed: either way *all* the lawsuits handled by federal courts in the Ninth Circuit will ultimately hinge on whether or not Judge Alsup's decisions in the Oakland/SF Actions are reversed or affirmed.

A final consideration is the waste of time and expense. Without a stay, the County must respond to six dispositive motions, all five defendants (and their 40+ outside attorneys) must write reply briefs, and lawyers from both sides (many from the East Coast or California) must attend any hearing on the motions—all at the same time that many of these very same lawyers will be drafting briefs on all the same issues for the Oakland/SF appeal. And, of course, the Court must read the parties' briefs, may conduct a hearing, and must draft an opinion, knowing all the while that its analysis may have to be revised once the Ninth Circuit issues a decision in the Oakland/SF Actions. This would not, on its face, appear to be a productive use of anyone's time.



### III. CONCLUSION

The Court should stay these proceedings until the Ninth Circuit issues a decision in the Oakland/SF Actions.

Dated: September 13, 2018

Respectfully submitted,

| | |
|---|---|
| **KING COUNTY** | **HAGENS BERMAN SOBOL SHAPIRO LLP** |
| */s/ Jennifer Stacy* <br> Kevin Wright <br> Jennifer Stacy <br> Senior Deputy Prosecuting Attorneys <br> King County Prosecuting Attorney's Office <br> Civil Division <br> 516 Third Avenue, Suite 400 <br> Seattle, Washington 98104 <br> Telephone: (206) 477-1120 <br> Facsimile: (206) 296-0191 | */s/ Steve W. Berman* <br> STEVE W. BERMAN (WSBA No. 12536) <br> steve@hbsslaw.com <br> Barbara A. Mahoney (WSBA No. 31845) <br> barbara@hbsslaw.com <br> 1918 Eighth Ave. Suite 3300 <br> Seattle, Washington 98101 <br> Telephone: (206) 623-7292 <br> Facsimile: (206) 623-0594 <br><br> MATTHEW F. PAWA (*pro hac vice*) <br> mattp@hbsslaw.com <br> BENJAMIN A. KRASS (*pro hac vice*) <br> benk@hbsslaw.com <br> WESLEY KELMAN (*pro hac vice*) <br> wesk@hbsslaw.com <br> 1280 Centre Street, Suite 230 <br> Newton Centre, Massachusetts 02459 <br> Telephone: (617) 641-9550 <br> Facsimile: (617) 641-9551 |

*Attorneys for Plaintiff*

