1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY,

               Plaintiff,

      v.

BP P.L.C., a public limited company of
England and Wales, CHEVRON
CORPORATION, a Delaware
corporation, CONOCOPHILLIPS, a
Delaware corporation, EXXON MOBIL
CORPORATION, a New Jersey
corporation, ROYAL DUTCH SHELL
PLC, a public limited company of
England and Wales, and DOES 1 through
10,

               Defendants.

No. C18-758-RSL

ORDER GRANTING
PARTIALLY UNOPPOSED
MOTION TO STAY
PROCEEDINGS

     This matter comes before the Court on plaintiff King County's partially

unopposed motion to stay proceedings ("the Motion"). Dkt. #125. Defendants BP p.l.c.

("BP") and Chevron Corporation ("Chevron") oppose this motion. The remaining three

defendants—ConocoPhillips, Exxon Mobil Corporation, and Royal Dutch Shell plc—

do not.

     Plaintiff brings this action under Washington state law for harms suffered by

King County due to a changing climate. Dkt. #113. In the Motion, plaintiff alleges that

two lawsuits similar to this action were filed in September 2017 by the City of Oakland

ORDER GRANTING PARTIALLY
UNOPPOSED MOTION TO STAY
PROCEEDINGS
- 1

and the City and County of San Francisco before the District Court for the Northern District of California ("the Oakland/San Francisco Actions"). *See* Case No. 3:17-06011-WHA (N.D. Cal.); Case No. 3:17-06011-WHA (N.D. Cal). Both were dismissed for failure to state a claim. *See City of Oakland v. BP P.L.C.*, 325 F. Supp. 3d 1017 (N.D. Cal. 2018). Oakland and San Francisco timely appealed. The cases have been consolidated in the Ninth Circuit as Appeal No. 18-16663, and all briefing is due to be completed on January 31, 2019. *See* the Motion at 4. Plaintiff therefore requests a stay until the Ninth Circuit issues a decision in the Oakland/San Francisco Actions.

A district court has "… broad authority to stay proceedings as part of [its] power to control [its] docket." *Bastida v. Nat'l Holdings Corp.*, No. C16-388RSL, 2016 WL 4250135, at *3 (W.D. Wash. Aug. 4, 2016) (citing to *Clinton v. Jones*, 520 U.S. 681, 705 (1997)). It must weigh "… the competing interests which will be affected by the granting or refusal to grant a stay," which include "… [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *accord. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

It is unlikely that a stay would result in any significant damage or cause any hardship to any party.[1] This Court has not passed any orders altering the *status quo* or granting any intermediate relief. Moreover, there is substantial overlap between the present action and the Oakland/San Francisco Actions, particularly with regard to how and whether state-law public nuisance claims are preempted by federal common law. As plaintiff points out, BP and Chevron conceded in their own motions to dismiss that

---

[1] In their opposition, Chevron and BP assert only that the prolonging of the litigation will be harmful to their reputation and add additional costs. *See* Dkt. #126 at 3-4.

the Oakland/San Francisco Actions were "identical" or "materially identical" to the present one. *See* Dkt. #117 at 1, 9; *see* Dkt. #119 at 1. The Ninth Circuit's rulings will likely have "… significant relevance to—and potentially control—the court's subsequent ruling here." *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *5 (W.D. Wash. Mar. 17, 2017).

For all the foregoing reasons, plaintiff's motion is GRANTED. It is hereby ORDERED that:

1.      Proceedings in this matter are stayed, pending a decision by the Ninth Circuit in *City of Oakland v. BP P.L.C*, No. 18-16663. All deadlines in the action pending in this Court, including deadlines related to the pending motions to dismiss, are hereby suspended until further order of the Court.

2.      All parties to this action shall inform the Court by letter of their position on how to proceed based upon the outcome of the appeal in *City of Oakland*. This letter shall be filed within 10 business days of (a) the deadline for filing a petition for rehearing and/or rehearing *en banc* expires in *City of Oakland* without any party filing a petition; (b) the date on which any such petition is denied; or (c) the date on which the Ninth Circuit issues an opinion after rehearing or rehearing *en banc*.

3.      Any party may move to lift this stay at any time.

DATED this 17th day of October, 2018.

Robert S. Lasnik
United States District Judge

ORDER GRANTING PARTIALLY
UNOPPOSED MOTION TO STAY
PROCEEDINGS
- 3