Hon. Robert S. Lasnik

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

KING COUNTY,

12
              Plaintiff,

13
       v.

14
BP P.L.C., a public limited company of England
and Wales, CHEVRON CORPORATION, a

15
Delaware corporation, CONOCOPHILLIPS, a
Delaware corporation, EXXON MOBIL

16
CORPORATION, a New Jersey corporation,
ROYAL DUTCH SHELL PLC, a public limited

17
company of England and Wales, and DOES 1
through 10,

18
              Defendants.

19

Case No. 2:18-cv-00758-RSL

**DEFENDANTS' RENEWED
MOTION TO DISMISS FOR LACK
OF PERSONAL JURISDICTION
[12(B)(2)]**

NOTE ON MOTION CALENDAR:

Noted:  To Be Determined[*]

ORAL ARGUMENT REQUESTED

20

21

22

23

24

25

26
    [*]   Pursuant to the Parties' Stipulated Motion Regarding Deadlines and Page Limits For Briefing Defendants' Motions to

27
Dismiss entered by the Court on July 7, 2021 (Dkt. No. 180), Plaintiff is not required to file an Opposition to this Motion
unless and until the Court denies Defendants' Motion to Dismiss For Failure to State a Claim, which is being filed

28
simultaneously with this Motion.

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

1

2

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ........................................................................................................... 1

BACKGROUND AND PLAINTIFF'S ALLEGATIONS .................................................. 3

LEGAL STANDARD ..................................................................................................... 5

ARGUMENT .................................................................................................................. 6

    I.       Defendants Are Not Subject to General Jurisdiction in Washington ............................. 6

    II.     Defendants Are Not Subject to Specific Jurisdiction in Washington. ......................... 6

          A.     Plaintiff's Claims Do Not "Arise Out of or Relate to" Defendants' Alleged Contacts with Washington ................................................... 7

          B.     Defendants Were Not On "Clear Notice" That Personal Jurisdiction Would Exist in Washington for Suits Based on Harms from Global Climate Change ................................................................ 12

          C.     Exercising Personal Jurisdiction over Defendants Would Be Unreasonable and Conflict with Federalism Principles. ................................. 14

CONCLUSION ............................................................................................................ 16

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

1

# TABLE OF AUTHORITIES

2

Page(s)

3

**CASES**

4

*Abalos v. Bronchick,*

5
    No. C07-844RSL, 2008 WL 2544893 (W.D. Wash. June 23, 2008) ................................6

6

*Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.,*
    480 U.S. 102 (1987) ....................................................................................14, 15, 16

7

8

*Axiom Foods, Inc. v. Archem International, Inc.,*
    874 F.3d 1064 (9th Cir. 2017) ...........................................................................8

9

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.,*

10
    137 S. Ct. 1773 (2017) ....................................................................3, 5, 6, 7, 8, 13, 14

11

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ........................................................................2, 8, 11, 13, 14

12

13

*City of New York v. Chevron Corp.,*
    993 F.3d 81 (2d Cir. 2021) ...........................................................................9, 13, 15

14

15

*City of Oakland v. BP p.l.c.,*
    2018 WL 3609055 (N.D. Cal. Jul. 27, 2018) ...........................................................9, 13

16

*City of Oakland v. BP p.l.c.,*
    325 F. Supp. 3d 1017 (N.D. Cal. 2018), *vacated on other grounds,*

17
    960 F.3d 570 (9th Cir. 2020) ...........................................................................2, 16

18

*Coffey v. Mesa Airlines, Inc.,*
    812 F. App'x 657 (9th Cir. 2020) ........................................................................2

19

20

*CSR, Ltd. v. Taylor,*
    983 A.2d 492 (Md. 2009)..............................................................................8

21

*Daimler AG v. Bauman,*

22
    571 U.S. 117 (2014) ...................................................................................1, 5, 6

23

*Failla v. FixtureOne Corp.,*
    181 Wn.2d 642 (Wash. 2014) ...........................................................................5

24

*Fidrych v. Marriott Int'l, Inc.,*

25
    952 F.3d 124 (4th Cir. 2020)...........................................................................10

26

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,*

27
    141 S. Ct. 1017 (2021) ...............................................................1, 2, 5, 7, 8, 9, 11, 12, 14

28

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

*Hanson v. Denckla*,
    357 U.S. 235 (1958) ...................................................................................................14

*Helicopteros Nacionales de Colombia, S. A. v. Hall*,
    466 U.S. 408 (1984) .....................................................................................................9

*Keefe v. Kirschenbaum & Kirschenbaum, P.C.*,
    40 P.3d 1267 (Colo. 2002) ..........................................................................................9

*Moki Mac River Expeditions v. Drugg*,
    221 S.W.3d 569 (Tex. 2007) ........................................................................................8

*Nam Chuong Huynh v. Aker Biomarine Antarctic AS*,
    199 Wash. App. 1005 (2017) ........................................................................................8

*Native Vill. of Kivalina v. ExxonMobil Corp.*,
    663 F. Supp. 2d 863 (N.D. Cal. 2009), *aff'd*, 696 F.3d 849 (9th Cir. 2012) ...........10, 11

*Phillips v. Prairie Eye Ctr.*,
    530 F.3d 22 (1st Cir. 2008) .........................................................................................8

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2017) ....................................................................................8

*Rush v. Savchuk*,
    444 U.S. 320 (1980) .....................................................................................................6

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ......................................................................................5

*Shute v. Carnival Cruise Lines*,
    113 Wn.2d 763 (Wash. 1989) ...............................................................................10, 12

*Stelly v. Gettier, Inc.*,
    No. C14-5079 RJB, 2014 WL 1670081 (W.D. Wash. Apr. 28, 2014) ...........................5

*Sullivan v. Barclays PLC*,
    2017 WL 685570 (S.D.N.Y. Feb. 21, 2017) ................................................................9

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ......................................................................................5

*Walden v. Fiore*,
    571 U.S. 277 (2014) ...........................................................................................5, 8, 11

*Waldman v. Palestine Liberation Org.*,
    835 F.3d 317 (2d Cir. 2016) ........................................................................................9

iii

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

*Williams v. Yamaha Motor Co.*,
 851 F.3d 1015 (9th Cir. 2017)............................................................................................5

*World-Wide Volkswagen Corp. v. Woodson*,
 444 U.S. 286 (1980) ...........................................................................................3, 7, 11, 14

**OTHER AUTHORITIES**

The White House, *Statement by National Security Advisor Jake Sullivan on the Need for Reliable and Stable Global Energy Markets*, Aug. 11, 2021, https://bit.ly/3yXWVFO ......................................16

**RULES**

Fed. R. Civ. P. 4(k)(1)(A) ...........................................................................................................5

Fed. R. Civ. P. 4(k)(2)................................................................................................................5

iv

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

Defendants BP p.l.c., Chevron Corporation, ConocoPhillips, Exxon Mobil Corporation, and Royal Dutch Shell plc (collectively, the "Defendants") respectfully move under Rule 12(b)(2) to dismiss all claims against them for lack of personal jurisdiction.  As set forth below, this Court does not have personal jurisdiction over these out-of-state Defendants, and Plaintiff's claims against these Defendants should be dismissed.

## **INTRODUCTION**

Plaintiff, King County, seeks to hold five out-of-state energy companies liable for the alleged impacts of *global* climate change, including "warming temperatures, acidifying marine waters, rising seas, increasing flooding risk, decreasing mountain snowpack, and less water in the summer." Plaintiff's First Amended Complaint (hereinafter, "Complaint") ¶ 1, Dkt. 113.  According to Plaintiff, Washington law permits it to seek damages and equitable relief from this select group of Defendants for harms allegedly resulting from over a century of energy consumption and climatic events around the world.  The Complaint suffers from numerous fatal defects, including those addressed in Defendants' Renewed Joint Motion to Dismiss for Failure to State a Claim.  This Motion focuses on one particular defect of Plaintiff's Complaint:  Defendants are not subject to personal jurisdiction in Washington for these claims.

As an initial matter, this Court lacks general jurisdiction over Defendants because, as the Complaint acknowledges, none of them is incorporated or headquartered in Washington, and thus none is "at home" in this forum.  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

In addition, this Court lacks specific personal jurisdiction over each of the Defendants for three separate reasons, each of which independently requires dismissal.

*First*, Plaintiff's claims do not "arise out of or relate to" Defendants' alleged contacts with Washington.  *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1025 (2021). To the contrary, Plaintiff expressly acknowledges that its injuries are caused by "global warming" allegedly attributable to the worldwide "combustion of fossil fuels produced by Defendants and others."  Compl. ¶ 136; *see also id.* ¶¶ 2, 122, 138.  Critically, the Complaint does not allege that Defendants' *in-state* conduct is directly or substantially related to *global* climate change.  Nor could it.

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

Total energy consumption in Washington—of which Plaintiff can attempt to attribute at most a small portion to any individual Defendant's products—accounts for a tiny fraction of worldwide greenhouse gas emissions.  In fact, Plaintiff itself alleges that the combined contribution of all five Defendants' worldwide production, marketing, and sale of oil and gas accounts for only "11% of all the carbon and methane pollution from industrial sources . . . since the Dawn of the Industrial Revolution."  Compl. ¶ 143(c).  Plaintiff's own allegations thus demonstrate that any single Defendant's purported contribution to global emissions and climate change from activities in Washington would be negligible at best.  In short, there is not the requisite "substantial connection" or "direct nexus" between Plaintiff's claims and Defendants' in-state activities.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985); *Coffey v. Mesa Airlines, Inc.*, 812 F. App'x 657, 658 (9th Cir. 2020).

Exercising personal jurisdiction against Defendants here would expand the bounds of specific jurisdiction dramatically, in clear contravention of the Supreme Court's guidance.  The U.S. Supreme Court recently emphasized that the "arise out of or relate to" requirement has "real limits" and "does not mean anything goes."  *Ford Motor*, 141 S. Ct. at 1026 (internal quotation marks omitted).  But if specific jurisdiction could be stretched so far as to apply to Defendants here, it would follow that there would be jurisdiction in this Court over *any* corporate defendant doing *any* business in the state for *all* claims connected to that business no matter how attenuated the connections.  Such an approach is inconsistent with the Constitution as interpreted by the U.S. and Washington Supreme Courts, and it should be rejected.

*Second*, Defendants did not have "clear notice," as due process requires, that by producing, promoting, or selling oil and gas in Washington (either directly or through subsidiaries), they would become subject to jurisdiction in this forum for claims for injuries allegedly resulting, not from local consumption, but instead from the cumulative worldwide consumption of *all* fossil fuel products.  *Ford Motor*, 141 S. Ct. at 1025; *see also City of Oakland v. BP p.l.c.*, 325 F. Supp. 3d 1017, 1026 (N.D. Cal. 2018) ("*Oakland I*") ("Everyone has contributed to the problem of global warming and everyone will suffer the consequences—the classic scenario for a legislative or international solution."), *vacated on other grounds*, 960 F.3d 570 (9th Cir. 2020).  Given the lack of any discernible link between emissions

Defendants' Joint Renewed Motion to Dismiss for Lack of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

in Washington purportedly attributable to Defendants' alleged in-state contacts and any local impacts of global climate change, Defendants had no way to anticipate—let alone had "clear notice"—that producing, promoting, and selling oil and gas in Washington might subject them to suit here for Plaintiff's claims.

*Third*, the exercise of specific personal jurisdiction over Defendants would be unreasonable under the Due Process Clause.  *See Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1786 (2017).  Litigating this case in Washington federal court would contravene "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" because Plaintiff's claims implicate *global* conduct and are not localized to Washington. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).  And it would threaten the "interest of the several States in furthering fundamental substantive social policies" because, among other things, many states and the federal government promote the very energy production and policies that Plaintiff seeks to penalize through this lawsuit.  *Id.*  Moreover, it would impermissibly require nonresident Defendants to submit to the "coercive power" of an out-of-state tribunal with respect to conduct unconnected with the forum, leaving their national and even worldwide conduct subject to conflicting state rules.  *See Bristol-Myers Squibb*, 137 S. Ct. at 1780.

Because the factual allegations in Plaintiff's Complaint, even accepted as true, do not provide a basis for exercising personal jurisdiction that comports with the Due Process Clause, the Court should dismiss all claims against Defendants.

## BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff alleges an attenuated causal chain between Defendants' allegedly tortious acts and Plaintiff's purported injuries from global climate change.  Among the links in Plaintiff's causal chain are the decisions of countless third parties around the world to purchase, sell, refine, transport, and ultimately combust (*i.e.*, use) Defendants' petroleum products.  That combustion, in turn, may release greenhouse gas emissions (depending on the manner of the combustion and depending on whether the third party uses emissions-capturing technology).  Those emissions—in addition to emissions originating from countless other natural and anthropogenic sources—then increase the total amount of

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

greenhouse gases in the global atmosphere.  That change to the atmospheric composition, in turn, causes the atmosphere to trap more heat, which increases global temperatures, which, in turn, is alleged to raise global sea levels, among other geophysical phenomena.  Compl. ¶¶ 3, 122, 143.

Plaintiff's Complaint contains very few allegations about any Defendant's *forum-related* conduct.  Instead, Plaintiff relies on vague, boilerplate allegations that constitute nothing more than legal conclusions with respect to each Defendant—that "[e]ach Defendant" "substantially participates in the process by which raw crude oil is extracted from the ground, refined into fossil fuel products, including finished gasoline products, and delivered, marketed, and sold to Washington residents for use."  *Id.* ¶ 29.  This paragraph contains no details about what Defendants' "participation" in this "process" is alleged to have been, much less which portions of this process occurred in Washington, and how much was sold to, or used by, Washington residents.

The Complaint's remaining jurisdictional allegations are equally deficient.  Plaintiff alleges that some Defendants conduct general "business in Washington, including through [their] subsidiaries and agents,"[2] *id.* ¶¶ 39, 65, 80, 89, 107— for example, by having offices in Washington; owning or operating interstate pipelines; owning or operating petroleum facilities, refineries, and terminals; operating gas stations; operating tanker trucks; transporting oil and gas; and having agents for service in Washington, *see id.* ¶¶ 28–119.  But, critically, the Complaint does not allege that these activities in Washington were substantially connected to bringing about the global climate events that Plaintiff alleges caused its injuries.  Plaintiff's failure to allege sufficient contacts with Washington related to its claims shows that such contacts simply do not exist, and Plaintiff's arguments for personal jurisdiction fail as a matter of law.

---

[2]   The Complaint improperly conflates the activities of Defendants with the activities of their separately organized predecessors, subsidiaries, or affiliates. There is no factual basis alleged in the Complaint for imputing to any Defendant the alleged jurisdictional contacts of any other entity. And Defendants deny that their subsidiaries' fossil-fuel operations can be imputed to them for jurisdictional purposes. Nevertheless, Defendants assume *arguendo* Plaintiff's (erroneous) imputation of forum-related contacts for the purpose of this Joint Motion. Even with this assumption, however, Plaintiff's allegations fail to provide any basis for personal jurisdiction. Defendants reserve all rights to challenge Plaintiff's incorrect imputation theory and allegations about corporate relationships for any other purpose or proceeding.

4

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

## LEGAL STANDARD

"Federal courts apply state law to determine the bounds of their jurisdiction over a party." *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (citing Fed. R. Civ. P. 4(k)(1)(A)). Washington's long-arm statute is "designed to be coextensive with federal due process" and thus authorizes Washington courts to assert personal jurisdiction over nonresident defendants "to the extent permitted by the federal due process clause." *Failla v. FixtureOne Corp.*, 181 Wash. 2d 642, 649-50(Wash. 2014) (en banc) (citation omitted). Thus, this Court may exercise jurisdiction over Defendants only if doing so comports with limits imposed by federal due process. *Daimler*, 571 U.S. at 125.[3]

In applying the Due Process Clause, courts have recognized two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb*, 137 S. Ct. at 1779–80. General jurisdiction allows a court to adjudicate any claim against a defendant, regardless of the connection between the claim and the forum, so long as the defendant is "at home" in that forum. *Id.* at 1779–80 (internal quotation marks omitted). Specific jurisdiction applies "only as to a narrower class of claims"—these claims "must arise out of or relate to the defendant's contacts" with the forum. *Ford Motor*, 141 S. Ct. at 1025 (internal quotation marks omitted).

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). To carry that burden, plaintiff must allege facts sufficient to make out a "prima facie" case for personal jurisdiction. *Stelly v. Gettier, Inc.*, No. C14-5079 RJB, 2014 WL 1670081, at *2 (W.D. Wash. Apr. 28, 2014). In evaluating whether the plaintiff has met this burden, the court may not take as true "mere 'bare bones' assertions of minimum contacts with the

---

[3] In federal district court, the due process inquiry ordinarily focuses on the connection between each defendant and the state where the federal court is located. *See* Fed. R. Civ. P. 4(k)(1)(A); *Walden*, 134 S. Ct. at 1121. Rule 4(k) contains an exception, however, for claims arising under federal law against a defendant "not subject to jurisdiction in any state's courts." Fed. R. Civ. P. 4(k)(2). As plaintiff concedes, BP p.l.c. is organized under the laws of England and Wales with its headquarters in London, England and Royal Dutch Shell plc is organized under the laws of England and Wales with its headquarters in The Hague, Netherlands. *See* Compl. ¶¶ 12, 24. As such, they are not subject to general jurisdiction in any state's courts. *See Daimler*, 571 U.S. at 139. Plaintiff has purported to assert claims under state law and does not invoke Rule 4(k)(2). *See* Compl. ¶¶ 204–226. If Plaintiff invokes Rule 4(k)(2) for the first time in its opposition, BP and Royal Dutch Shell reserve the right to address it in reply.

Defendants' Joint Renewed Motion to Dismiss for Lack of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

forum or legal conclusions unsupported by *specific factual allegations*." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (emphasis added); *Abalos v. Bronchick*, No. C07-844RSL, 2008 WL 2544893, at *1 (W.D. Wash. June 23, 2008).

## ARGUMENT

Plaintiff does not, and cannot, allege facts that support this Court's exercise of personal jurisdiction over Defendants for the claims asserted in the Complaint.  There is no general jurisdiction over Defendants because none of them is "at home" in Washington.  Nor is there specific jurisdiction because (1) the Complaint avers, as it must, that Plaintiff's alleged injuries "arise out of or relate to" *worldwide* conduct by countless actors, not Defendants' alleged contacts with Washington; (2) Defendants did not have "clear notice" that as a result of their activities in Washington they could be sued here for the alleged combined effects of activity occurring around the world over decades; and (3) exercising jurisdiction would be constitutionally unreasonable.

**I.  Defendants Are Not Subject to General Jurisdiction in Washington.**

Plaintiff has not even attempted to allege that Defendants are subject to general jurisdiction in Washington.  It concedes that none of the Defendants is incorporated or headquartered in Washington.  Compl. ¶¶ 12, 15, 18, 21, 24.  Therefore, none of the Defendants is "at home" in this state.  *Daimler*, 571 U.S. at 139 (citation omitted).  And Defendants' business activities in Washington do not create general jurisdiction because it would be "unacceptably grasping" to approve the exercise of general jurisdiction when an out-of-state corporation merely "engages in a substantial, continuous, and systematic course of business" in a state.  *Id.* at 138.  Therefore, the Court lacks general jurisdiction over Defendants.

**II.  Defendants Are Not Subject to Specific Jurisdiction in Washington.**

Because none of the Defendants is subject to general jurisdiction in Washington, Plaintiff may proceed against Defendants in this forum only if it can establish specific jurisdiction over *each* Defendant, which it has not done, and cannot do.  *Bristol-Myers Squibb*, 137 S. Ct. at 1783 (noting that the requirements for specific jurisdiction "must be met as to each defendant") (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).  Specific jurisdiction exists only if:  (1) the defendant purposefully availed

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

itself of the privilege of conducting activities in the State; (2) the plaintiff's claims arise out of or relate to those activities directed at the State; *and* (3) the exercise of personal jurisdiction would be constitutionally reasonable. *Id.* at 1785–86. These jurisdictional restrictions "are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States"; for a State's exercise of sovereign power "implie[s] a limitation on the sovereignty" of other States and even foreign nations. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (alteration in original) (internal quotation marks omitted). Thus, "[e]ven if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment." *Id.* at 1780–81 (alteration in original) (quoting *World-Wide Volkswagen*, 444 U.S. at 294).

Here, Plaintiff fails to allege a prima facie case of specific jurisdiction because the Complaint, on its face, flunks the second and third requirements for specific jurisdiction with respect to each Defendant: the claims asserted in the Complaint do not arise out of or relate to Defendants' alleged contacts with Washington, and exercising personal jurisdiction in this case would be constitutionally unreasonable.[4]

### A. Plaintiff's Claims Do Not "Arise Out of or Relate to" Defendants' Alleged Contacts with Washington.

Plaintiff cannot establish specific jurisdiction over Defendants because the Complaint does not allege claims that "arise out of or relate to" Defendants' alleged forum contacts. *Ford Motor*, 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1780).

---

[4] Because this Motion can be resolved based on Plaintiff's failure to allege facts establishing that its injuries arise out of or relate to Defendants' alleged contacts with Washington, or that exercising personal jurisdiction over Defendants would be reasonable, the Court need not consider whether Defendants are alleged to have purposefully availed themselves of the privilege of conducting business in Washington to decide this Motion. Defendants do not concede that prong is satisfied here, and reserve all rights to challenge purposeful availment at a later stage of this proceeding if necessary.

7

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

While claims based on general jurisdiction "may concern events and conduct anywhere in the world," "[s]pecific jurisdiction is different: It covers defendants less intimately connected with a State, but only as to *a narrower class of claims*." *Ford Motor*, 141 S. Ct. at 1024 (emphasis added). For there to be specific jurisdiction, "[t]he plaintiff's claims . . . 'must arise out of or relate to the defendant's contacts' with the forum." *Id.* at 1025 (quoting *Bristol-Myers Squibb*, 137 S. Ct. at 1780). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781. And "the phrase 'relate to' incorporates real limits." *Ford Motor*, 141 S. Ct. at 1026.

Consistent with the Supreme Court's approach, the Ninth Circuit has consistently held, in dismissing claims for a lack of specific personal jurisdiction, that there must be a "substantial connection" between the defendant's in-state conduct and the plaintiff's claims. *See, e.g.*, *Axiom Foods, Inc. v. Archem International, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017); *Picot v. Weston*, 780 F.3d 1206, 1212–13 (9th Cir. 2017). So too have Washington courts, holding that the alleged forum contacts cannot be "too attenuated." *Nam Chuong Huynh v. Aker Biomarine Antarctic AS*, 199 Wash. App. 1005 (2017) ("[I]f the connection between the defendant's contacts with the forum and the claim is too attenuated, then jurisdiction would be unreasonable.") (internal quotation marks omitted).

Other courts have similarly held that the "relate to" requirement mandates that a defendant's in-state activities have a *direct*, *material*, or *substantial* connection with the plaintiff's claims—otherwise, this requirement would lose all meaning. *See, e.g.*, *Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial connection* with the forum State."); *Burger King Corp.*, 471 U.S. at 479 (requiring a "substantial connection" between plaintiff's claims and defendant's forum contacts); *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 27 (1st Cir. 2008) ("There must be *more than just an attenuated connection* between the contacts and the claim, the defendant's in-state conduct must form an *important*, or [at least] *material*, element of proof in the plaintiff's case.") (emphases added) (internal quotation marks omitted); *CSR, Ltd. v. Taylor*, 983 A.2d 492, 503 (Md. 2009) (requiring that a cause of action must "arise[] from" or be "*directly related* to[] the defendant's contacts with the forum

8

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

state") (emphasis added); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 585 (Tex. 2007) ("[T]here must be a *substantial connection* between [the forum] contacts and the operative facts of the litigation.") (emphasis added); *Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270–71 (Colo. 2002) (using "substantial connection" language and requiring foreseeability).  The Second Circuit goes further and requires that the "nucleus" or "focal point" of the plaintiff's claims must be the forum state.  *See Waldman v. Palestine Liberation Org.*, 835 F.3d 317, 340 (2d Cir. 2016); *see also Sullivan v. Barclays PLC*, 2017 WL 685570, at *44 (S.D.N.Y. Feb. 21, 2017) (rejecting personal jurisdiction where operative facts did not have "'nucleus' or 'focal point'" in the forum).

In short, at a minimum, there must be a "strong 'relationship among the defendant, the forum, and the litigation'" for an exercise of personal jurisdiction to be constitutionally appropriate.  *Ford Motor Co.*, 141 S. Ct. at 1028 (quoting *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984)).

Plaintiff does not and cannot plead that Defendants' contacts with Washington are substantially connected to claims based on alleged harms due to *global* climate change.  Plaintiff's claims "depend on a global complex of geophysical cause and effect involving all nations of the planet."  *City of Oakland v. BP p.l.c.*, 2018 WL 3609055, at *3 (N.D. Cal. Jul. 27, 2018) ("*Oakland II*").  In affirming dismissal of a materially similar climate change tort suit brought by the City of New York, the Second Circuit rejected the City's efforts to portray its claims as merely seeking remedies for local harms, concluding that "[a]rtful pleading cannot transform [plaintiff's] complaint into anything other than a suit over *global* greenhouse gas emissions," with the goal being "to effectively impose strict liability for the damages caused by fossil fuel emissions no matter where in the world those emissions were released (or who released them)."  *City of New York v. Chevron Corp.*, 993 F.3d 81, 91, 93 (2d Cir. 2021) (emphasis added).

Plaintiff's Complaint asserts that the alleged injuries will occur only as a result of total, cumulative, worldwide greenhouse gas emissions from global combustion of fossil fuels produced and sold by Defendants as well as countless other sources.  *See, e.g.*, Comp. ¶ 138 ("Ongoing and future warming caused by past and ongoing use of massive quantities of fossil fuels will cause increasingly

9

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

severe harm to King County through accelerating sea level rise, among other impacts."); *id.* ¶ 134 ("[I]t is extremely likely that human activities, especially emissions of greenhouse gases, are the dominant cause of the observed warming since the mid-20th century.").  The Complaint acknowledges that even a "dramatic" reduction in *cumulative* global emissions would not eradicate climate change.  *See* Compl. ¶ 8 (alleging that "climate change impacts" would still exist "[e]ven if global . . . GHG [greenhouse gas] emissions decrease dramatically").

Plaintiff has not articulated any theory demonstrating that Defendants' *forum-related* "production and promotion" of petroleum products is substantially related to the increase in greenhouse gases that is alleged to have caused global climate change.  *See Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 143 (4th Cir. 2020) (holding that the defendant's "case-related contacts" with the forum were "too tenuous and too insubstantial to constitutionally permit the exercise of specific jurisdiction" where those contacts did not specifically "target" in-forum residents).  Such activities are clearly "too attenuated" from Plaintiff's claims.  *Shute v. Carnival Cruise Lines*, 113 Wash. 2d 763, 769 (Wash. 1989) (en banc).  That is because the Complaint's allegations about Defendants' production, promotion, and sales activities in Washington cannot erase the fact that *total* energy consumption in Washington, with a population of fewer than 8 million people, indisputably accounts for a miniscule fraction of energy consumption in the United States and around the world.  In fact, Plaintiff asserts that *all five* Defendants are collectively responsible, through all of their "production, marketing, and sale of fossil fuels" *across the world*, for *only 11%* of global emissions "that ha[ve] accumulated in the atmosphere since the dawn of the Industrial Revolution."  Compl. ¶ 143(c).[5]  Plaintiff's own allegations thus demonstrate that greenhouse gas emissions resulting from the combustion of products Defendants produce, sell, or promote in Washington make up, at most, a very small amount of the global greenhouse gas emissions that allegedly contribute to climate change and, ultimately, Plaintiff's claimed injury.

---

[5]  Defendants do not concede that greenhouse gases can be attributed to particular emitters as the Complaint suggests, nor do they concede the accuracy of this calculation or the methodology used in the sources cited by the Complaint.

10

Defendants' Joint Renewed Motion to Dismiss for Lack of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

Moreover, the alleged effects of global climate change in Washington also cannot be found to "arise out of or relate to" Defendants' contacts with Washington because, as other courts have recognized, "the undifferentiated nature of greenhouse gas emissions from all global sources and their worldwide accumulation over long periods of time" mean that "there is no realistic possibility of tracing any particular alleged effect of global warming to any particular emissions by any specific person, entity, [or] group at any particular point in time." *Native Vill. of Kivalina v. ExxonMobil Corp.*, 663 F. Supp. 2d 863, 880 (N.D. Cal. 2009), *aff'd*, 696 F.3d 849 (9th Cir. 2012).  In other words, "it is not plausible to state which emissions—emitted by whom and at what time in the last several centuries *and at what place in the world*—'caused' Plaintiff['s] alleged global warming related injuries." *Id.* at 881 (emphasis added).

It is no answer for Plaintiff to assert that its claims arise out of Defendants' Washington contacts on the theory that the "effects" of Defendants' out-of-state activities are foreseeably being felt, or will be felt, in Washington.  As the Supreme Court has repeatedly explained, "'foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause," even when it "was 'foreseeable' that the [product] would cause injury in" the forum state.  *World-Wide Volkswagen*, 444 U.S. at 295; *Walden*, 571 U.S. at 290 ("[M]ere injury to a forum resident" is insufficient.); *Burger King Corp.*, 471 U.S. at 474 (The "foreseeability of causing *injury* in another State . . . is not a 'sufficient benchmark' for exercising personal jurisdiction.").

The Supreme Court's recent decision in *Ford Motor* confirms there is no specific personal jurisdiction over Defendants for these claims.  In *Ford Motor*, two individual consumers sued an automobile manufacturer in Montana and Minnesota state courts, asserting product liability claims stemming from allegedly defective automobiles that were manufactured and sold initially out of state, but that caused accidents in the forum states.  The Supreme Court held that the plaintiffs' product liability claims were sufficiently related to Ford's activities in the forum states of selling, promoting, and servicing the very same type of automobile that injured the plaintiffs in the forum states.  *Ford Motor*, 141 S. Ct. at 1032.  *Ford Motor* cautioned that the "relate to" requirement "incorporates real limits" and "does not mean anything goes," but is satisfied where "a company . . . serves a market for

1   a product in the forum State and the product *malfunctions there*" "*caus[ing] injury in the State* to one

2   of its residents." *Id.* at 1022, 1026–27 (emphasis added).

3   Here, unlike in *Ford Motor*, Plaintiff's claims would be precisely the same even if Defendants'

4   products had *never entered Washington*—it is only because of the *global* use and combustion of

5   petroleum products that Plaintiff alleges it will suffer any injuries.  In this regard, Plaintiff's claims

6   here are nothing like those asserted in *Ford Motor*, where the defendant's product malfunctioned in the

7   forum causing an accident in the forum that injured the plaintiffs in the forum.  *Ford Motor*, 141 S. Ct.

8   at 1032.  Unlike in *Ford Motor*, Plaintiff's claimed injuries in this matter are allegedly caused by a

9   complex geophysical *global* phenomenon, which, according to Plaintiff, is caused by cumulative

10  energy consumption and emissions around the world occurring over decades—not by any malfunction

11  (or ordinary use) of Defendants' products within Washington.  Energy consumed in Washington

12  accounts for a tiny fraction of worldwide greenhouse gas emissions; therefore, even if any in-state

13  activities caused Washington consumers to increase fossil fuel use, that increase would be "too

14  attenuated" from Plaintiff's alleged injuries.  *Shute*, 113 Wash. 2d at 769.  In short, Plaintiff, unlike the

15  *Ford Motor* plaintiffs, is not alleging that Defendants' products malfunctioned in Washington causing

16  an accident in Washington that injured Plaintiff in Washington.  Rather, the "accidents" for which

17  Plaintiff seeks damages are the alleged global climatic phenomenon brought about by all energy

18  consumption and emissions across the world occurring over half a century.

19  Having failed to demonstrate that its claims "arise out of or relate to" Defendants' alleged

20  contacts with Washington, Plaintiff has not established a *prima facie* case of specific personal

21  jurisdiction, and its claims therefore should be dismissed.

**B.   Defendants Were Not On "Clear Notice" That Personal Jurisdiction Would Exist
    in Washington for Suits Based on Harms from Global Climate Change.**

24  In *Ford Motor*, the Supreme Court also held that the "fair[ness]" requirement of the Due Process

25  Clause requires a defendant have "clear notice" that, in light of its activities in the forum, it is

26  susceptible to a lawsuit in the state for the claims asserted by the plaintiff.  *Id.* at 1025, 1030.  Unlike

27

28

12

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

in *Ford Motor*, where the Court found Ford had clear notice of potential lawsuits for harms caused by "product malfunctions" within the state, *id.* at 1027, the "clear notice" requirement is not met here.

Plaintiff here does not allege it suffered injury caused by a product malfunction in the forum state.  It does not allege—nor could it—that the use of Defendants' products in Washington, or Defendants' production or promotion of those products in Washington, gave rise to global climate change and thus to Plaintiff's alleged injuries.  To the contrary, Plaintiff's theory is predicated upon extra-forum, *worldwide* conduct by Defendants and countless others worldwide.  Even accepting all of Plaintiff's allegations as true, Defendants did not have "clear notice" that they would become subject to jurisdiction in the State's courts for the alleged local effects of decades-long global climate change— a complex worldwide phenomenon resulting from the cumulative effects of global greenhouse gas emissions by countless individuals and entities (including Plaintiff itself).  *See, e.g.*, *Oakland II*, 2018 WL 3609055, at *3 ("Plaintiffs' nuisance claims depend on a global complex of geophysical cause and effect involving all nations of the planet.").  Such claims inherently concern transboundary and global conduct, thus amounting to "an extraterritorial nuisance action."  *City of New York*, 993 F.3d at 91–92, 103.  As in *City of New York*, Plaintiff here "requests damages for the cumulative impact of conduct occurring simultaneously across just about every jurisdiction on the planet."  *Id.* at 92.

Defendants had no way to anticipate that, by allegedly processing, marketing, and/or selling fossil fuel products in Washington, either directly or through subsidiaries, they could be sued for alleged local environmental injuries resulting from the undifferentiated conduct of countless individuals and entities who consumed fossil fuel products around the world.  This case is thus far afield from *Ford Motor*, where Ford should reasonably have expected to be sued for in-forum injuries resulting directly from in-forum use of products it sold in the forum states.  Exercising personal jurisdiction over Defendants in this case would deprive Defendants of the "fair warning" that "a particular activity may subject [them] to the jurisdiction of a foreign sovereign," and thus would not comport with core principles of due process.  *Burger King*, 471 U.S. at 472 (internal quotation marks omitted) (alteration in original).  Such an unbounded exercise of jurisdiction exceeds the limits of due process.

13

Defendants' Joint Renewed Motion to Dismiss for Lack of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

### C.  Exercising Personal Jurisdiction over Defendants Would Be Unreasonable and Conflict with Federalism Principles.

Because Plaintiff has not alleged, and cannot allege, facts that, if true, would show that its claims arise out of or relate to Defendants' contacts with Washington, the Court need not reach the reasonableness inquiry.  Nonetheless, the unreasonableness of exercising jurisdiction here provides an additional reason to dismiss the Complaint.  *See Bristol-Myers Squibb*, 137 S. Ct. at 1786 ("[T]he exercise of jurisdiction must be reasonable under the circumstances.").

In determining whether jurisdiction is reasonable under the Due Process Clause, courts consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies."  *Burger King*, 471 U.S. at 477 (quoting *Worldwide Volkswagen*, 444 U.S. at 292).  The primary concern in assessing the reasonableness of personal jurisdiction is the burden of "submitting to the coercive power" of a court in light of the limits of interstate federalism on a court's ability to exercise jurisdiction.  *Bristol-Myers Squibb*, 137 S. Ct. at 1780.  "[R]estrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation.  They are a consequence of territorial limitations on the power of the respective States.'"  *Id.* (quoting *Hanson v. Denckla*, 357 U.S. 235, 251 (1958)).  Indeed, the Supreme Court has admonished courts to take into consideration the interests of the "several States," and emphasized that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field."  *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 115 (1987) (internal quotation marks omitted).  A majority of the relevant considerations weigh decisively against the exercise of personal jurisdiction in this case.

*First*, exercising specific jurisdiction over these out-of-state Defendants for global climate change-related claims would expand the jurisdiction of this Court well beyond the limits of due process, burdening these Defendants and interfering with the power of each Defendant's home state's jurisdiction over its corporate citizens.  This is not a case where one state has a more "significant

14

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

interest[]" in addressing climate change.  *See Ford Motor*, 141 S. Ct. at 1030.  Plaintiff's position would resurrect the loose approaches to personal jurisdiction that the Supreme Court rejected in *Daimler* and *Bristol-Myers Squibb*, and would make companies of any size operating in any capacity related to the production, distribution, promotion, or sale of energy products anywhere in the world susceptible to climate change suits in every forum in the country based on the slightest activity within the forum.  As the Supreme Court explained in *Asahi*, a products liability case involving the sale and distribution of tires to California by out-of-state defendants:

> The procedural and substantive interests of other nations in a state court's assertion of jurisdiction over an alien defendant will differ from case to case.  In every case, however, those interests, as well as the Federal interest in Government's foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State.

*Asahi*, 480 U.S. at 115.  This problem is particularly pronounced with respect to foreign Defendants.[6] Under Plaintiff's theory, *any* foreign energy company could be forced to appear before *any* court in the United States based on its alleged contribution to global climate change, so long as that company operates within that court's jurisdiction.  If other nations adopted a similar rule, American companies could be sued on climate change-related claims in courts around the world.  Well-settled principles of due process do not permit such a result.

 *Second*, the assertion of jurisdiction here would offend the principles underlying the interstate judicial system because Plaintiff seeks to use Washington tort law to regulate Defendants' nationwide (indeed, worldwide) activities, including fossil fuel production and sale—activities heavily regulated by the federal government, all 50 States, and every other country in the world in which these companies operate.  As the Second Circuit observed, "a substantial damages award like the one requested by the City would effectively regulate the Producers' behavior far beyond [the State]'s borders."  *City of New York*, 993 F.3d at 92.  The interests of the "interstate judicial system" are not served by requiring

---

[6] As explained above, *supra* n.3, Defendants BP p.l.c. and Royal Dutch Shell plc are foreign corporations.

15

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

witnesses and counsel to litigate the same climate change actions simultaneously under different legal rules, especially given the substantial risk of inconsistent decisions.

*Third*, the "substantive social policies" Plaintiff seeks to advance—curbing energy production and the use of fossil fuels or allocating the downstream costs of consumer use to the energy companies to bear directly—are not shared across the various states and nations.  Indeed, the Second Circuit recognized that "amicus briefs [filed by states] on both sides of this dispute aptly illustrate[] that this is an interstate matter raising significant federalism concerns."  *City of New York*, 993 F.3d at 92; *see also id.* at 93 ("[A]s states will invariably differ in their assessment of the proper balance between these national and international objectives, there is a real risk that subjecting the Producers' global operations to a welter of different states' laws could undermine important federal policy choices."); *Oakland I*, 325 F. Supp. 3d at 1026 ("[P]laintiffs would have a single judge or jury in California impose an abatement fund as a result of such overseas behavior.  Because this relief would effectively allow plaintiffs to govern conduct and control energy policy on foreign soil, we must exercise great caution.").  In fact, just last week, the Biden Administration announced that it is "engaging with relevant OPEC+ members" to encourage "*production increases*" of crude oil in hopes of lowering "high[] gasoline costs," because "reliable and stable energy supplies" are essential to the "ongoing global recovery" from the pandemic.[7]  Plaintiff's claims here similarly implicate the interests of numerous other states and nations, and thus this Court cannot reasonably exercise jurisdiction over Defendants consistent with principles of interstate federalism.  *See Asahi*, 480 U.S. at 115–16 (holding in part that the "international context" and "substantive interests of other nations," compared with the "the slight interests of the plaintiff and the forum State," rendered the exercise of personal jurisdiction "unreasonable and unfair").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's claims against the out-of-state Defendants should be dismissed in their entirety for lack of personal jurisdiction.

---

[7]  The White House, *Statement by National Security Advisor Jake Sullivan on the Need for Reliable and Stable Global Energy Markets*, Aug. 11, 2021, https://bit.ly/3yXWVFO.

1    Dated:  August 23, 2021

2                                          By: **/s/ Theodore J. Boutrous, Jr.
                                                /s/ Joshua D. Dick
3                                               /s/ Robert M. McKenna
                                                /s/ Aaron P. Brecher
4                                               /s/ Herbert J. Stern
                                                /s/ Joel M. Silverstein
5                                               /s/ Neal S. Manne
                                                /s/ Erica Harris
6

7                                          Theodore J. Boutrous, Jr. (*pro hac vice*)
                                           GIBSON, DUNN & CRUTCHER LLP
8                                          333 South Grand Avenue
                                           Los Angeles, CA 90071
9                                          Telephone:  +213 229 7000
                                           Facsimile:  +213 229 7520
10                                         E-mail:  tboutrous@gibsondunn.com

11                                         Joshua D. Dick (*pro hac vice*)
                                           GIBSON, DUNN & CRUTCHER LLP
12                                         555 Mission Street, Suite 3000
                                           San Francisco, CA 94105
13                                         Telephone:  +415 393 8200
                                           Facsimile:  +415 393 8306
14                                         E-mail:  jdick@gibsondunn.com

15                                         Robert M. McKenna (WSBA No. 18327)
                                           Aaron P. Brecher (WSBA NO. 47212)
16                                         ORRICK, HERRINGTON & SUTCLIFFE
                                           LLP
17                                         701 Fifth Ave., Suite 5600
                                           Seattle, WA 98104
18                                         Telephone:  (206) 839 4300
                                           Facsimile:  (206) 839 4301
19                                         E-mail:  rmckenna@orrick.com
                                           E-mail:  abrecher@orrick.com
20
                                           Herbert J. Stern (*pro hac vice*)
21                                         Joel M. Silverstein (*pro hac vice*)
                                           STERN, KILCULLEN & RUFALO LLC
22                                         325 Columbia Turnpike, Suite 110
                                           P.O. Box 992
23                                         Florham Park, NJ 07932-0992
                                           Telephone:  +973 535 1900
24                                         Facsimile:  +973 535 9664
                                           E-mail:  hstern@sgklaw.com
25                                         E-mail:  jsilverstein@sgklaw.com

26                                         Neal S. Manne (*pro hac vice*)
                                           Erica Harris (*pro hac vice*)
27                                         Johnny W. Carter (*pro hac vice*)
                                           SUSMAN GODFREY LLP
28                                                        17

---

Defendants' Joint Renewed Motion to Dismiss for Lack          GIBSON, DUNN & CRUTCHER LLP
of Personal Jurisdiction                                             333 South Grand Avenue,
Case No. 2:18-cv-00758-RSL                                          Los Angeles, CA 90071-3197
                                                                          213.229.7000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone:  713.651.9366
Facsimile:  713.654.6666
E-mail:  nmanne@susmangodfrey.com
E-mail:  eharris@susmangodfrey.com
E-mail:  jcarter@susmangodfrey.com

Steven M. Shepard (*pro hac vice*)
SUSMAN GODFREY LLP
1301 Avenue of the Americas
New York, NY 10019
Telephone:  212.729.2010
E-mail:  sshepard@susmangodfrey.com

Kemper P. Diehl (WSBA #53212)
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Telephone:  206.516.3880
Facsimile:  206.516.3883
E-mail: kdiehl@susmangodfrey.com

*Attorneys for Defendant CHEVRON
CORPORATION*

** Pursuant to this Court's Electronic Filing
Procedure III.L, the electronic signatory has
obtained approval from all other signatories

---

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000

1

By: /s/ Angelo J. Calfo

      /s/ Theodore V. Wells, Jr.

2      /s/ Daniel J. Toal

3  Angelo J. Calfo (WSBA #27079)
   Gabriel Reilly-Bates (WSBA #52257)
4  CALFO EAKES LLP
   1301 Second Avenue, Suite 2800
5  Seattle, WA 98101
   Telephone: (206) 407-2200
6  Facsimile: (206) 407-2224
   E-mail: angeloc@calfoeakes.com
7
   Theodore V. Wells, Jr. (pro hac vice)
8  Daniel J. Toal (pro hac vice)
   Yahonnes Cleary (pro hac vice)
9  Caitlin Grusauskas (pro hac vice)
   PAUL, WEISS, RIFKIND, WHARTON &
10 GARRISON LLP
   1285 Avenue of the Americas
11 New York, NY 10019-6064
   Telephone: (212) 373-3000
12 Facsimile: (212) 757-3990
   E-Mail:  twells@paulweiss.com
13 E-Mail:  dtoal@paulweiss.com
   E-Mail:  ycleary@paulweiss.com
14 E-Mail:  cgrusauskas@paulweiss.com

15 Attorneys for Defendant EXXON MOBIL
   CORPORATION
16

17

18

19

20

21

22

23

24

25

26

27

28

By: /s/ Erika H. Spanton

Erika H. Spanton (WSBA No. 46992)
BEVERIDGE & DIAMOND, P.C.
600 University Street, Suite 1601
Seattle, WA 98101
Telephone: (206) 315-4815
E-mail: espanton@bdlaw.com

David C. Frederick (pro hac vice)
Grace W. Knofczynski (pro hac vice)
Daniel S. Severson (pro hac vice)
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK, P.L.L.C.
1615 M Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 326-7900
E-mail: dfrederick@kellogghansen.com
E-mail: gknofczynski@kellogghansen.com
E-mail: dseverson@kellogghansen.com

Attorneys for Defendant ROYAL DUTCH
SHELL PLC

19

1   By: /s/ Jonathan W. Hughes            
      /s/ Matthew T. Heartney         
2      /s/ John D. Lombardo          
      /s/ Nancy Milburn            

3

4   Jonathan W. Hughes (*pro hac vice*)
    ARNOLD & PORTER KAYE SCHOLER
    LLP
5   Three Embarcadero Center, 10th Floor
    San Francisco, California  94111-4024
6   Telephone: (415) 471-3100
    Facsimile: (415) 471-3400
7   E-mail:  jonathan.hughes@arnoldporter.com

8   Matthew T. Heartney (*pro hac vice*)
    John D. Lombardo (*pro hac vice*)
9   ARNOLD & PORTER KAYE SCHOLER
    LLP
10  777 South Figueroa Street, 44th Floor
    Los Angeles, California  90017-5844
11  Telephone: (213) 243-4000
    Facsimile: (213) 243-4199
12  E-mail:  matthew.heartney@arnoldporter.com
    E-mail:  john.lombardo@arnoldporter.com

13

14  Nancy Milburn (*pro hac vice*)
    ARNOLD & PORTER KAYE SCHOLER
    LLP
15  250 West 55th Street
    New York, NY 10019-9710
16  Telephone: (212) 836-8383
    Facsimile: (212) 715-1399
17  E-mail:  nancy.milburn@arnoldporter.com

18  Ralph H. Palumbo
    ARETE LAW GROUP
19  1218 Third Avenue, Suite 2100
    Seattle, Washington  98101
20  Telephone:  (206) 428-3250
    E-Mail:  rpalumbo@aretelaw.com
21

22  *Attorneys for Defendant BP P.L.C.*

By: /s/ Daniel A. Brown            
      /s/ Jameson R. Jones          
      /s/ Daniel R. Brody           

Daniel A. Brown, WSBA #22028
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
dbrown@williamskastner.com

Jameson R. Jones (*pro hac vice*)
Daniel R. Brody (*pro hac vice*)
BARTLIT BECK LLP
1801 Wewatta St., Suite 1200
Denver, Colorado 80202
Telephone:    303-592-3123
Facsimile:    303-592-3140
Email:  jameson.jones@bartlit-beck.com
Email:  dan.brody@bartlit-beck.com

*Attorneys for Defendant CONOCOPHILLIPS*

23

24

25

26

27

28

Defendants' Joint Renewed Motion to Dismiss for Lack
of Personal Jurisdiction
Case No. 2:18-cv-00758-RSL

GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue,
Los Angeles, CA 90071-3197
213.229.7000